**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| CHARLES SHATTUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:24-CV-00336 HEA |
| | ) | |
| JASON LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the Missouri Department of Corrections' *ex parte* response to this Court's Notice and Request for Waiver of Service dated July 3, 2024.

Legal Counsel for the Department of Corrections indicated in correspondence to the Court on July 26, 2024, that it was unable to waive service on behalf of defendants Ms. Unknown Williams and Deven Montgomery. Mr. Montgomery is no longer employed by the Missouri Department of Corrections, and counsel for the Department of Corrections indicated that Ms. Unknown Williams was unable to be identified based on information provided by plaintiff. Counsel for the Missouri Department of Corrections, therefore, provided a home address for defendant Deven Montgomery, where he could be served. *See* ECF No. 16. However, plaintiff will be required to provide additional information as to defendant Ms. Unknown Williams, to serve this defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (it is plaintiff's responsibility to provide the information necessary for service on the defendants); *see also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

Because plaintiff Charles Shattuck is proceeding in forma pauperis, the Court will direct the Clerk of Court to effectuate service of process on Deven Montgomery at his home address through the United States Marshal's Service, using the address provided in docket number 16. *See*

Fed. R. Civ. P. 4(c)(3).  A copy of the summons and return of summons shall be filed under seal and *ex parte*.

Plaintiff identifies Ms. Unknown Williams as a correctional officer at Potosi Correctional Center (PCC) on or about the time period he alleges he was subjected to excessive force, on August 5, 2022. To effect service on this defendant through the waiver agreement the Court maintains with the Missouri Department of Corrections, plaintiff would need to provide defendant Williams' first name or first initial. He will be given twenty-one days (21) to do so.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall effectuate service of process via the United States Marshal's Service upon defendant Deven Montgomery at the address provided in docket number 16.

**IT IS FURTHER ORDERED** that a copy of the summons and the return of summons shall be **filed under seal and *ex parte***.

**IT IS FURTHER ORDERED** that, no later than twenty-one (21) days from the date of this Order, plaintiff shall provide the Court with adequate information such that defendant Ms. Unknown Williams may be served with process.

---

[1]Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**IT IS FURTHER ORDERED** that the Clerk shall update the docket to reflect the following defendants' proper names: Kenneth Paine; Caelan Upton; Hayden Dean; and Deven Montgomery.

Dated this 13th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE