UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES SHATTUCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CV-00336 HEA |
| JASON LEWIS, et al., | ) ) ) |
| Defendants, | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for reconsideration of the dismissal of defendant Unknown Williams from this matter pursuant to Federal Rule of Civil Procedure 4(m). [ECF No. 29]. Based on the following reasons, the Court will grant plaintiff's motion for reconsideration.

Plaintiff states that he did not receive a copy of the Court's August 13, 2024 Order to Show Cause, issued in accordance with Federal Rule of Civil Procedure 4(m). [ECF No. 18]. A review of the docket in this matter indicates that plaintiff did not receive the Court's Order because he failed to update the Court with his new address when he was moved from Potosi Correctional Center (PCC) to Eastern Reception Diagnostic Correctional Center (ERDCC).[1] In his motion, he states that he is now in possession of Ms. Unknown Williams' first name, and that she may be

---

[1] The Court did not receive a change of address form from plaintiff until September 6, 2024. [ECF No. 26]. However, mail was received at PCC and designated "Return to Sender" on August 16, 2024. The Court has a Local Rule indicating that if any mail to a self-represented plaintiff is returned to the Court without a forwarding address and the self-represented plaintiff does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice. *See* Local Rule 2.06 (B). It appears plaintiff may have waited more than thirty (30) days to inform the Court that he had moved from PCC to ERDCC. Regardless, the Court resent the document to plaintiff on September 3, 2024. [ECF No. 23]. However, it is difficult to tell where the document was sent, whether it went to PCC or ERDCC, and plaintiff attests that he did not receive the document, even if it went to the proper Missouri Department of Corrections institution.

served through the waiver agreement this Court maintains with the Missouri Department of Corrections.

In an abundance of caution, the Court will grant plaintiff's motion for reconsideration of the dismissal of Ms. Williams from this action and attempt to serve Correctional Officer Felicia Williams through the waiver agreement this Court maintains with the Missouri Department of Corrections.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of Ms. Unknown Williams from this action [ECF No. 29] is **GRANTED**.

**IT IS FURTHER ORDERED** that the dismissal, pursuant to Federal Rule of Procedure 4(m), of Ms. Unknown Williams from this lawsuit, [ECF No. 28] is **VACATED**.

**IT IS FURTHER ORDERED** that in accordance with the Opinion, Memorandum and Order issued on July 3, 2024, the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to plaintiff's claims of excessive force in violation of the Eighth Amendment against defendant Correctional Officer Felicia Williams, in her individual capacity.

**IT IS FURTHER ORDERED** that in accordance with the Opinion, Memorandum and Order issued on July 3, 2024, the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to plaintiff's claims of First Amendment retaliation against defendant Correctional Officer Felicia Williams, in her individual capacity.

Dated this 9th day of October, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE