UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES SHATTUCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00336 HEA |
| JASON LEWIS, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Felicia Williams' motion to dismiss plaintiff's amended complaint. [ECF No. 41]. For the following reasons, defendant Williams' motion will be denied.

## Background

Plaintiff Charles Shattuck is a self-represented litigant who is currently incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Plaintiff filed this 42 U.S.C. § 1983 action on March 4, 2023, against eleven (11) defendants relative to events that occurred at Potosi Correctional Center (PCC) in August of 2022. [ECF No. 1].

On July 3, 2024, the Court granted plaintiff's motion to proceed in forma pauperis, assessed an initial partial filing fee and reviewed plaintiff's complaint in this matter pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim. [ECF Nos. 2 and 8]. The Court dismissed plaintiff's official capacity claims, denied plaintiff's request for immediate injunctive relief and denied plaintiff's request for appointment of counsel [ECF Nos. 4, 6 and 8]. Plaintiff's claims against defendants Jason Lewis, Unknown Badge #36308, John Doe Defendants, Lindsey Ramsey and Brian Davis were dismissed. [ECF No. 8]. Additionally, the Court issued process on

plaintiff's claims against defendants Perry Arnold, Kenneth Paine, Caelan Upton, Deven Montgomery, Hayden Dean and Felicia Williams, in their individual capacities, for excessive force in violation of the Eighth Amendment. Furthermore, the Court issued process on plaintiff's claims against defendants Perry Arnold, Kenneth Paine, Caelan Upton, Deven Montgomery, Hayden Dean and Felicia Williams, in their individual capacities for First Amendment retaliation.

## Allegations in Plaintiff's Complaint

In his complaint, plaintiff alleges that he is a transgendered individual who previously acted as a jailhouse lawyer for his transgendered cellmate, Dustin Combs. *See Combs v. Downing*, No. 4:22-CV-786 PLC (E.D.Mo.). [ECF No. 1 at 7]. Combs, who plaintiff also refers to as "Harley Quinn" in the complaint, and plaintiff, were celled together in Administrative Segregation (Ad-Seg); however, he asserts that when they were going to be released from Ad-Seg, sometime in July of 2022, defendant Brian Davis separated the two inmates because Davis believed they were in an unauthorized relationship. *Id.* at 8. Plaintiff claims that not only did he write the pleadings and motions on behalf of Combs in his lawsuit in this Court, but he also wrote the Institutional Resolution Request (IRR), Grievance and Grievance Response for Combs against Davis and Davis' subordinate, Perry Arnold, while incarcerated at PCC. *Id.* at 12-13.

On or about August 5, 2022, plaintiff had an anxiety attack, consisting of chest pains and shortness of breath, while in his cell at PCC. He "popped the emergency button," and he was released to medical by an unnamed bubble officer. *Id.* An unnamed nurse in medical took plaintiff's vitals, which appeared to be fine, speculated that perhaps he had a pulled muscle, and provided him with Ibuprofen. Plaintiff was then released back to his housing unit. He asserts that Correctional Officer Kenneth Paine cuffed him so that Paine could escort him to a security bench in the Ad-Seg Unit. Although Paine initially left, he came back a few minutes later to ask if plaintiff needed Protective Custody. Plaintiff said no, and Officer Paine left again. *Id.*

Approximately fifteen (15) minutes later, Officer Paine came back with a conduct violation (CDV) for plaintiff claiming plaintiff had been observed to be "under the influence." *Id.* at 9. Defendant Paine said plaintiff would be single-celled in Housing Unit 1. Plaintiff protested to Paine that he had evidence that he was not "under the influence" because a medical professional had found him "medically sound" just minutes before being given the CDV. *Id.*

Officer Paine attempted to escort plaintiff to Housing Unit 1. *Id.* at 9. However, on the way there, with his hands cuffed behind his back, plaintiff felt "excruciating pain" and dropped down. Paine pepper sprayed plaintiff directly into his eyes after plaintiff dropped to the ground; although plaintiff states that he was not struggling or resisting but was instead having a medical emergency. *Id.* Plaintiff alleges that "Paine and his subordinate officers physically carried [him]" to Housing Unit 1 and placed him in a suicide cell. *Id.* Plaintiff was stripped naked, backed up to the food port, and he had a tether attached to his wrist restraints which was run to the outside of the door. He was told that he would remain in the cell with no property on suicide watch. *Id.* Plaintiff does not indicate with specificity which of the defendants placed him in the suicide cell and ran the tether. He mentions only that defendant Kenneth Paine and his "subordinates" placed him at the suicide cell and left him there. *Id.*

Plaintiff alleges in his complaint that he then placed the long leather strap around his neck and dropped to his knees and "slip[ed] into unconsciousness," with his hands cuffed behind his back. *Id.* at 9-10. Although plaintiff's complaint is not entirely clear on this point, it appears that he blames defendants Kenneth Paine, Deven Montgomery and Hayden Dean for failing to protect him from himself, because they walked away from him while he was on suicide watch. *Id.* at 14-15. Plaintiff does not allege that he was suicidal at the time he was placed on suicide watch.

After defendants became aware that plaintiff attempted suicide, he was pepper sprayed again. *Id.* Although he claims that he cannot state for certain, he believes Correctional Officer

Hayden Dean was the officer that pepper sprayed him. *Id.* at 10. After plaintiff was pepper sprayed, his cell door opened and while still restrained with his hands behind his back, several officers entered his cell. Plaintiff lists the officers as: Perry Arnold, Caelan Upton, Deven Montgomery and Hayden Dean. *Id.*

The leather cord was removed from plaintiff's neck, and he was purportedly shoved between the wall and the toilet. Plaintiff states that this was when the "attack" began. *Id*. He claims that he was punched repeatedly by defendants Arnold, Paine, Upton, Montgomery and Dean while his hands were still cuffed behind his back. Allegedly defendant Arnold kept stating, "like to file suit, huh. . ." and Paine was allegedly laughing and stating, "This is how we treat jailhouse lawyers around here." *Id.*

Plaintiff claims he was eventually pulled out from the side of the toilet and placed in the middle of the cell floor while pinned to the ground. *Id.* Defendant Arnold purportedly pinned him down while shoving his knee into plaintiff's back. *Id*. Plaintiff claims he passed out from lack of oxygen. He states that eventually he became "submissive," and he was allowed to place his hands in the food port to have his wrist restraints removed. *Id.* at 11. He claims that defendant Williams intentionally tried to break his finger when he placed his hands in the port by bending his finger backwards, so he jerked his hands (and cuffs) back into the cell. *Id*.

Plaintiff alleges that Arnold, Dean, Upton, Montgomery, Paine and Williams acted with retaliation against him when they used excessive force against him on August 9, 2022. *Id.* at 12-15. Plaintiff believes defendants also acted against him in retaliation for plaintiff's previous acts in preparing legal paperwork (and/or grievances) for his prior cellmate, Combs. *Id.* at 12-14.

Plaintiff seeks damages in his complaint.

**Motion to Dismiss**

Defendant Felicia Williams moves to dismiss the claims against her, arguing first that plaintiff's allegations against her in her official capacity are subject to dismissal as they are actually claims against the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). As these claims were dismissed on preservice review in the Court's July 3, 2024 Opinion, Memorandum and Order, this argument will be disregarded. *See* ECF Nos. 8 and 9 (dismissing all claims against all defendants in their official capacities).

Defendant Williams next argues that the claims against her in her individual capacity are barred by the doctrine of official immunity. *See Southers v. City of Farmington*, 263 S.W.3d 603, 610-11 (Mo. 2008). The Court will review this argument below.

**Legal Standard for a Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative

level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**Discussion**

As noted above, defendant Felicia Williams argues that plaintiff's claims against her in her individual capacity are subject to dismissal based on the Missouri doctrine of official immunity. After preservice review, the surviving claims against defendant Williams in her individual capacity are: (1) an excessive force claim for intentionally bending plaintiff's finger back, while he was handcuffed, to such an extent that plaintiff believed his finger felt as if it was broken and (2) under these same facts, a First Amendment retaliation claim against defendant Williams, asserting that the act of excessive force was done, in part, because plaintiff helped his cellmate, Dustin Combs utilize the grievance process at PCC and/or file legal paperwork.[1]

---

[1] *See, e.g., Booker v. S.C. Dep't of Corr.,* 855 F.3d 533, 544 (4th Cir. 2017); *Berkshire v. Beauvais,* 928 F.3d 520, 531 (6th Cir. 2019) (quoting *King v. Zamiara*, 150 F. App'x 485, 492 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (reasoning that "a jailhouse lawyer's right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts"))); *see also Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) ("retaliation against a prisoner for filing or voicing grievances on behalf of a prison population as a member of an inmate grievance body...violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments.").

Official immunity under Missouri state law "protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *State ex rel. Morales v. Alessi*, 679 S.W.3d 467, 471 (Mo. banc 2023). Although defendant Williams admits that the doctrine of official immunity does not apply to acts conducted in bad faith or with malice,[2] she nonetheless argues for its application in the instant case. She bases her argument on the following:

> Plaintiff does not allege any facts that Defendant Williams intended or acted in bad faith to cause him injury but instead makes conclusory allegations. Moreover, the alleged fracture was not revealed until January 31, 2024. Therefore, this narrow exception to the official-immunity doctrine does not apply.

The Court, however, found in its Opinion, Memorandum and Order issued on July 3, 2024, that plaintiff's allegations of excessive force and First Amendment retaliation were not conclusory, but instead were alleged with enough specificity that they could go forward against defendant Felicia Williams pursuant to 28 U.S.C. § 1915.

Additionally, as noted above, Missouri law specifically indicates that official immunity cannot apply if an act is committed in bad faith or with malice. *Southers*, 263 S.W.3d at 610-11. "Acting with malice requires an actual intent to cause injury." *Wealot v. Brooks*, 865 F.3d 1119, 1129 (8th Cir. 2017) (citation omitted). "A finding of bad faith embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, or breach of a known duty through some ulterior motive." *Id.* (citations omitted). Because plaintiff alleged in his complaint that defendant Williams acted intentionally and in bad faith, to attempt to hurt him when she bent his fingers back, the Court finds that official immunity does not apply in this matter. As such, defendant Williams' motion to dismiss must be denied.

Accordingly,

---

[2] *See Southers v. City of Farmington*, 263 S.W.3d 603, 610-11 (Mo. 2008).

**IT IS HEREBY ORDERED** that defendant Felicia Williams' motion to dismiss plaintiff's complaint [ECF No. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Williams shall file her answer to plaintiff's complaint no later than fourteen (14) days from the date of this Opinion, Memorandum and Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 3rd  day of December, 2024.

                                            HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE