UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES SHATTUCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-CV-00336 HEA |
| JASON LEWIS, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Charles Shattuck's motion for default judgment against defendant Deven Montgomery pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.[1] [ECF No. 49]. The Court will deny the motion and give plaintiff the opportunity to file an appropriate motion for default judgment supported by the necessary documentation.

**Motion for Default Judgment**

Defendant Deven Montgomery was served with process on August 30, 2024. [ECF No. 25]. Defendant Montgomery failed to answer or otherwise file a responsive pleading within the time required by Rule 12 of the Federal Rules of Civil Procedure. Plaintiff subsequently filed a motion seeking an entry of default against defendant Montgomery. [ECF No. 43]. The motion for entry of default was granted on December 3, 2024, pursuant to Federal Rule of Civil Procedure 55(a). [ECF No. 46].

In the motion now before the Court, plaintiff seeks an entry of default judgment against defendant Montgomery pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. While the

---

[1] Plaintiff's motion is titled, "Request for Order to Garnish Wages and Liquidate Assets of Defendant Deven Montgomery."

Clerk's entry of default against defendant Montgomery was a necessary step before default judgment may be entered, it does *not* entitle plaintiff to default judgment as a matter of right. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (an entry of default from the Clerk pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b)). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). *See also Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal citation omitted).

A default judgment, however, cannot be entered until the amount of the damages has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). A party entitled to judgment by default is required to prove the amount of the damages that should be awarded. *Oberster v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). Such party must establish, with reasonable certainty, the basis for the damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming district court's decision to not award damages after default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence").

Consequently, plaintiff will be given the opportunity to file an appropriate motion for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, should he wish to do so. **If plaintiff chooses to file such a motion, he must establish, with reasonable certainty, the basis for any damages he seeks because of defendant Montgomery's conduct.** Plaintiff may file relevant affidavits and/or declarations submitted under penalty of perjury, or other

2

relevant materials. If plaintiff chooses to submit his own affidavit or declaration submitted under penalty of perjury in support of the motion, he shall limit himself to filing *one* such affidavit or declaration. Plaintiff may file the affidavits or declarations of other individuals, *if relevant*, but he must avoid submitting any irrelevant material. Although defendant Montgomery is in default, he may respond to plaintiff's submissions with respect to the amount of damages.

At present, the Court does not intend to exercise its discretion to conduct an evidentiary hearing or take oral testimony on such motion, should plaintiff choose to file it. Instead, the Court intends to decide the motion based upon plaintiff's submissions, and any response from defendant Montgomery, if filed. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B).").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [ECF No. 49] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall, within **thirty (30) days** of the date of this Order, file an appropriate motion for default judgment, supported by all necessary affidavits and documentation, along with an appropriate proposed default judgment for under Rule 55(b) against defendant Deven Montgomery. Any and all affidavits, declarations signed under penalty of perjury, or other relevant materials shall be filed together with the motion. Extraneous and irrelevant material will not be considered.

Dated this 19th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3