UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES SHATTUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-cv-00336-HEA |
| | ) |
| JASON LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order seeking an order prohibiting a protective custody transfer or, in the alternative, directing that his property, including legal materials, be delivered to him immediately upon arrival at the new prison facility. [Doc. 65]. For the reasons stated below, the motion will be denied.

Background

Plaintiff Charles Shattuck filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated in the Missouri Department of Corrections ("DOC"). [Doc. 1]. Following a review of his Complaint pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff was allowed to proceed on an Eighth Amendment excessive force claim and a First Amendment retaliation claim for events that occurred in August 2022 at Potosi Correctional Center ("PCC"). [Doc. 8]. Plaintiff was subsequently transferred to Eastern Reception Diagnostic and Correctional Center ("ERDCC"). [Doc. 26]. He alleges DOC

staff lost his legal documents when he was transferred from PCC to ERDCC. [Doc. 65]. Based on that incident, he has filed the instant motion alleging his pending transfer[1] is an attempt to hinder the discovery process in this case and that his legal materials and postage supplies will again be lost[2] by DOC staff. [Doc. 65].

## Discussion

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen days. *See* Fed. R. Civ. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

"[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction." *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). Preliminary injunctive relief is an "extraordinary and drastic remedy." *Id.* at 664. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1] Plaintiff previously requested the transfer but states he no longer requires protective custody.

[2] It is apparent that Plaintiff believes his property was not accidentally lost, but instead that he was purposefully deprived of the property.

2

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The movant must show that irreparable injury is ***likely*** in the absence of an injunction, not merely a ***possibility*** of irreparable harm before a decision on the merits can be rendered." *Id.* at 665 (citation and internal quotation marks omitted) (emphasis added). Further, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Plaintiff has the burden of proving that injunctive relief is warranted. *Tumey*, 27 F.4ᵗʰ at 664. Success on the merits is the most significant factor. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). However, "[e]ven when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm." *Id.* "The absence of irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Tumey*, 27 F.4ᵗʰ at 667. "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski*, 648 F.3d at 706 (citation and internal quotation marks omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable

3

problems of prison administration. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citation and internal quotation marks omitted).

Plaintiff seeks injunctive relief against unidentified DOC staff based on his speculation of the *possibility* of harm. He has not demonstrated a threat of irreparable harm that is certain and of such imminence that there is a clear and present need for injunctive relief. Further, the relief he seeks is not of the same character as the relief sought in this lawsuit and does not deal with a claim presented in this lawsuit. For these reasons, the motion for TRO must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, [Doc. 65], is **DENIED**.[3]

Dated this 28th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3] To the extent that Plaintiff intended to seek a preliminary injunction, as opposed to a TRO, that request is also denied for the reasons set forth herein.

4